UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| **BRUCE DEREK SPRING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:21-CV-7-DLB-MAS |
| | ) | |
| **OFFICER RICHARDSON, et al.,** | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The pro se plaintiff in this case, Bruce Derek Spring ("Spring"), appears to have abandoned this lawsuit, and Defendants have moved the Court to dismiss the case for failure to prosecute. [DE 24]. Pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.3, and for the reasons stated below, the Court recommends the District Judge dismiss this matter with prejudice.

Spring has not participated in this lawsuit in more than a year. He did not respond to Defendants' Motion to Dismiss. In that motion, Defendants note Spring did not respond to their discovery requests. [DE 24 at Page ID# 153]. Spring did not respond to the Court's order requiring the parties to submit discovery plans [DE 17], nor did he respond to the Court's show cause order warning him that his case could be dismissed. [DE 25]. Spring's mail has been returned to the Court as "undeliverable" since September 2021 [DE 22 and 26]. Defendants confirm that Spring is no longer incarcerated at Boone County Jail, which is his current address of record in the Court's docket.

Local Rule 5.3(e) requires "[a]ll pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the

dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e).  In addition to the Local Rule permitting dismissal for failure to update his address, "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  *See* FED. R. CIV. PRO. 41.  ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims.  On the other hand is the policy which favors disposition of cases on their merits.  In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)(citations omitted).

By all appearances, Spring is no longer pursuing this lawsuit.  It would be unjust to Defendants to allow this case to proceed any longer.  The Court has no way of contacting Spring, and he has violated the Local Rules by his failure to update his address.  The Court has provided Spring several opportunities to participate, and he has elected not to do so.  The Court finds there is a "clear record" of "contumacious conduct by the plaintiff" herein.  *Id*.  Accordingly, the Court finds that dismissal of this case is appropriate.

For the reasons stated herein, the Court **RECOMMENDS** this matter be **DISMISSED WITH PREJUDICE** pursuant to LR 5.3(e) and Fed. R. Civ. P. 41(b) and **STRUCK** from the Court's active docket.

Pursuant to FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1)(B), the parties shall have fourteen days to file objections to this Report and Recommendation, for de novo consideration by Judge Bunning.

Entered this 18th day of May, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge